**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-cr-20369-ALTMAN**

**UNITED STATES OF AMERICA**,

*v.*

**SONYA SPIVEY**,

  *Defendant.*
_____/

**ORDER**

  Our Defendant, Sonya Spivey, is incarcerated on two sentences that were imposed to run consecutively. She's now moved to have them run concurrently and, separately, to reduce her term of supervised release (which is set to follow her imprisonment) by some unspecified amount of time. *See* Motion for Sentences to Run Concurrent [and for] Reduction in Supervised Release [ECF No. 65] (the "Motion"). The Government opposes the Motion, *see* [ECF No. 68] (the "Response")—and, for the following reasons, we **DENY** the Motion.

**THE FACTS**

  On September 23, 2013, Spivey was sentenced to 70 months in prison and four years of supervised release for conspiring to possess "crack" cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. *See* Judgment in a Criminal Case [ECF No. 26] (the "Original Sentence"). On January 5, 2015, Spivey wrote a letter (from prison) to Judge Federico Moreno, who had imposed the Original Sentence, asking him to shorten her incarceration and claiming that she'd realized "this is not the life for me." Motion for Reduction of Sentence [ECF No. 51] at 4. Judge Moreno generously granted that motion and reduced Spivey's term of imprisonment by ten months. *See* Order Reducing

1

Sentence [ECF No. 53] at 1.[1] But, once Spivey got out of prison, she promptly violated the terms of her supervised release by possessing (with the intent to distribute) illegal drugs again, in violation of 21 U.S.C. §§ 841(a)(1) & 846. *See* Petition for Warrant or Summons for Offender Under Supervision [ECF No. 54]. For these crimes, a federal grand jury indicted Spivey, and the substantive case was assigned to Judge Cecilia Altonaga. *See United States v. Spivey, et al.*, No. 19-cr-20417 (S.D. Fla. filed July 11, 2019) (Altonaga, J.) (the "Second Case") [ECF No. 1].

But that wasn't the end of Spivey's legal troubles because, in addition to facing charges for the substantive offense in front of Judge Altonaga, Spivey had her supervised-release term revoked by Judge Moreno. And, on February 21, 2020, Judge Moreno sentenced Spivey for the supervised-release violation to 18 months in prison—to be followed by ten years of supervised release "to run **CONSECUTIVE** to the sentence received in Case No. 19-20417-CR-ALTONAGA." Judgment & Commitment Upon Violation of Supervised Release [ECF No. 63] (the "Supervised Release Sentence"). Two months later, on April 28, 2020, Spivey appeared in front of Judge Altonaga for her sentencing hearing in the Second Case. *See generally* Second Case Sentencing Transcript [ECF No. 206]. During that hearing, Judge Altonaga noted that, in the Supervised Release Sentence, Judge Moreno had imposed "18 months' imprisonment consecutive to whatever I impose here." Second Case Sentencing Transcript at 31:17–18. Judge Altonaga also observed that Spivey and the Government had nonetheless agreed for Spivey's sentences to run concurrently. *See id.* at 58:6–9 ("I also considered that both parties here expressed that the sentence I imposed run concurrently with the sentence you received on your violation of supervised release."). So, to give Spivey credit for the 18 months she had received in the Supervised Release Sentence, Judge Altonaga simply varied down 18 months from the

---

[1] Judge Moreno reduced Spivey's Original Sentence under 18 U.S.C. § 3582(c)(2) "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)[.]" Order Reducing Sentence at 1.

bottom of the advisory guidelines range—*i.e.*, from 151 months to 133.[2] *See* Second Sentence [ECF No. 187]. Judge Altonaga also imposed a supervised-release term of three years. *Id.* As Spivey points out, however, Judge Altonaga didn't specify whether the Second Sentence should run consecutive to, or concurrent with, the Supervised Release Sentence.

In this Motion, which comes in the form of another letter to Judge Moreno, Spivey asks us to construe Judge Altonaga's statements as imposing a *concurrent* sentence. In support of this view, Spivey alleges that her prosecution was unfair: She says (1) that she "was not presented to the courts in a fair and unbias [sic] manner," (2) that she "had never spoken to or met" her probation officer, and (3) that she received a sentence "that was harsh for the crime and . . . did not trigger a mandatory minimum." Motion at 1–2. Spivey also appeals to emotion: She claims that "prior to my arrest and incarceration I was gainfully employed with two full-time jobs," and that "my life was heading in the right direction, when life threw me a curve ball"—the curve ball being her mother's diagnosis with cancer. *Id.* at 2–3 (cleaned up). And, Spivey continues, "I convinced myself just this one time I would purchase drugs from someone to raise the money needed for my mother's medical care." *Id.* at 3. Finally, Spivey suggests that, "[s]hould the court grant my request, I would be camp eligible, [which] would mean a redesignation closer to home and family visits." *Id.*

The Government opposes both of Spivey's requests. It argues, first, that Spivey's sentences should run consecutively to each other. For this proposition, it says: (1) that "Judge Moreno sentenced the defendant to 18 months' imprisonment to be followed by 10 years' supervised release BEFORE Judge Altonaga sentenced the defendant"; and (2) that "Judge Altonaga . . . varied downward and sentenced the defendant to 133 months' imprisonment (exactly 18 months lower than the low end of

---

[2] *See* Second Case Sentencing Transcript at 56:17–21 ("I begin by recognizing your criminal history category 6 and your offense level 29. And given that combination under our Federal Sentencing guidelines the recommended sentence is between 151 to 188 months' imprisonment.").

her sentencing guideline range).” Response at 2. "To run these sentences concurrently," the Government contends, "would not only give the defendant a free pass for violating her supervised release but would reward her for doing so"—because, "[i]nstead of serving 169 months' imprisonment (the 151 months at the low end of her sentencing guideline range plus the 18 months for violating her supervised release), the defendant would be serving only 133 months' imprisonment (a 36-month windfall)." *Id.*

For its second argument—that Spivey's request for early termination should be denied—the Government relies principally on Spivey's extensive criminal history. *See id.* at 2–3 ("The defendant has defiantly thumbed her nose at every court that has attempted to give her a break. She has violated EVERY term of probation or supervised release she has been ordered to serve."). And the Government sets forth three instances in which Spivey has violated the terms of her release: once after being convicted of "trafficking in cocaine in South Carolina"; again after being sentenced for "possession with intent to distribute cocaine in Albany, Georgia"; and a third time here, where Spivey "thanked Judge Moreno [for reducing the Original Sentence] by managing a drug conspiracy involving her sister (who is currently a fugitive) and her mother (who is currently on probation)." *Id.* at 3. Based on all this, the Government concludes that "Judge Moreno's sentence was not unreasonable given the utter disregard shown by the defendant." *Id.*

## THE LAW

Congress has set forth clear instructions on how multiple sentences of imprisonment should run. *See* 18 U.S.C. § 3584 (titled "Multiple sentences of imprisonment."). Here's what that statute says:

> **(a) Imposition of Concurrent or Consecutive Terms.**—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment*

4

> *imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.
>
> **(b) Factors to be considered in imposing concurrent or consecutive terms.**—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
>
> **(c) Treatment of multiple sentence as an aggregate.**—Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

*Id.* (emphasis added).

Following the plain language of these provisions, the Eleventh Circuit has said that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993) (cleaned up). A "court's discretion in determining whether a consecutive or concurrent sentence is appropriate is tempered by the statutory requirement that the sentencing court consider the factors listed in 18 U.S.C. § 3553(a)." *Id.*; *see also United States v. Graham*, 591 F. App'x 757, 759 (11th Cir. 2014) ("Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 evince a preference for consecutive sentences when imprisonment terms are imposed at different times." (cleaned up)). The § 3553(a) factors include "the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct," *Graham*, 591 F. App'x at 759 (citing § 3553(a)(2)), as well as "the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims," *id.* at 759–60 (citing §§ 3553(a)(1), (3)–(7)). "The imposition of consecutive sentences, rather than concurrent sentences, is an issue of law subject to plenary review." *United States v. Shiver*, 357 F. App'x 256, 256–57 (11th Cir.

5

2009). Ultimately, as always, federal criminal sentences are reviewed for "'reasonableness,' which 'merely asks whether the trial court abused its discretion.'" *Id.* (cleaned up).

Congress has also authorized federal courts to require defendants to serve terms of supervised release after imprisonment. *See* 18 U.S.C. § 3583 *et seq*. If a term of supervised release is imposed, a court may modify that term under the provisions of § 3583(e), which reads, in pertinent part, as follows:

> **(d) Modification of Conditions or Revocation**.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> . . . .
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]

18 U.S.C § 3583(e)(2).

Again, "[t]he relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution." *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021) (citing § 3583 and explaining that the statute "cross referenc[es] certain factors"). "[T]he district court need not explain each factor's applicability, nor always explicitly articulate that it considered the factors." *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017). Instead, "the record must clearly imply that the relevant factors were considered—enough so that meaningful appellate review of the factors'

application can take place, rather than speculation of whether they were taken into account in the first place." *Id.*

## ANALYSIS

### I. Spivey's Motion to have her sentences run concurrently

We deny the Motion as to Spivey's request for concurrent sentences because Judges Moreno and Altonaga properly imposed consecutive sentences under § 3584. As we've said, under that statute, "[m]ultiple terms of imprisonment imposed at different times *run consecutively* unless the court orders that the terms are to run concurrently." § 3584(a) (emphasis added). We thus begin with the statutory presumption that Spivey's Supervised Release Sentence should run consecutively to her Second Sentence because Judge Moreno and Judge Altonaga imposed those sentences at *different* times—on February 21, 2020, and April 28, 2020, respectively. And that presumption is bolstered in our case by Judge Moreno's express instruction—which he included in his written Judgment—that the Supervised Release Sentence should "run **CONSECUTIVE** to the [Second Sentence]." *See* Supervised Release Sentence.

It's also clear that, in imposing their sentences, Judges Moreno and Altonaga considered *both* the Sentencing Guidelines *and* the § 3553(a) factors. So, for instance, Judge Altonaga spoke at length and on the record about some of the factors she viewed as salient in Spivey's case:

> I begin by recognizing your criminal history category 6 and your offense level 29. And given that combination under our Federal Sentencing Guidelines the recommended sentence is between 151 to 188 months' imprisonment . . . . The next step is to consider the statutory factors in Section 3553. I look at your history and characteristics. And when I look at your personal history and characteristics, Ms. Spivey, I also consider that criminal history category that you find yourself in. That is a reflection of what you have done in the past and the person before me now at sentencing. It is reflected in the 18-month sentence that you were just given for violating supervised release by committing the offenses that bring you before me. I look at the nature and the circumstances of your offense conduct, the length of time involved in that offense conduct, the nature of the activities involved in that offense conduct, your role in it. I look at the need to promote respect for the law and to provide deterrence. And deterrence is a key statutory factor in my estimation precisely because you were not deterred from criminal conduct when you committed this offense while you were

> under supervised release. And deterrence as to you and as to others are key considerations in the sentence that I impose here today.

Second Case Sentencing Transcript at 56:17–57:17. In doing so, Judge Altonaga expressly addressed the factors set out in § 3553(a)(1), (2), & (4). Judge Altonaga, moreover, explained that her Second Sentence wouldn't create any unwarranted sentencing disparities (the factor listed in § 3553(a)(6)) because Spivey's role in the offense was more serious than that of her codefendants. *Id.* at 57:18–58:3.

Judge Moreno likewise calculated the appropriate guidelines range, *see* Supervised Release Violation Sentencing Transcript [ECF No. 69] at 3:25–4:1 ("The probation officer says that since she's in criminal history category three, the guideline range is 18 to 24 months"), and expressly considered the § 3553(a) factors, *see id.* at 5:17–18 ("What do you mean [Spivey committed] low level narcotics? It's Xanax, cocaine, it's like a whole pharmacy."); *see also id.* at 9:9–17 ("Well, the reason I'm [imposing a consecutive term of imprisonment] is I gave her a break when I gave her 70 months. I gave her an additional break when I reduced [her term of supervised release] to five years. When I look at the violations, there's just so many of them. There are nine, and the period of drug dealing was between August of 2018 until April of 2019. And I actually think a sentence above the guidelines would have been reasonable before me. That's why I made it consecutive. But I think a sentence at the bottom of the guidelines is certainly, in my view, reasonable[.]").[3]

The record, in short, "clearly impl[ies] that the relevant factors were considered—enough so that meaningful appellate review of the factors' application can take place, rather than speculation of whether they were taken into account in the first place." *Johnson*, 877 F.3d at 998.

---

[3] Although Judge Moreno didn't explicitly mention the specific § 3553(a) factors by name, these two quotations underscore his consideration of the "nature and seriousness of the offense," the "history and characteristics" of the defendant, and the need to protect the public from future crimes of the defendant.

8

And the Eleventh Circuit routinely affirms district judges who order the sentences for supervised-release violations to run consecutive to the substantive sentences. *See, e.g.*, *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1993) (affirming the imposition of two consecutive 18-month sentences because "[w]hether these terms were to be consecutive or concurrent was a question that § 3584(a) entrusts to the court's discretion"); *United States v. Spence*, 498 F. App'x 926, 929 (11th Cir. 2012) ("Here, the record shows that the district court imposed consecutive sentences pursuant to 18 U.S.C. §§ 3584 and 3553(a). Because the district court imposed consecutive sentences pursuant to its statutory authority, and not based on § 5G1.2, we conclude that the district court did not commit error, plain or otherwise.").

Against all this, Spivey says that (1) she "was not presented to the courts in a fair and unbias [sic] manner," and (2) that she "had never spoken to or met" her probation officer. Motion at 1. Neither point—it goes without saying—has anything to do with the issue we're facing here. And, for two reasons, we're unconvinced by Spivey's third point—that she received a sentence "that was harsh for the crime and . . . did not trigger a mandatory minimum." *Id.* *One*, in imposing the Second Sentence, Judge Altonaga *varied down* from the advisory guidelines range *despite* the Government's objection to that variance. *See* Second Case Sentencing Transcript at 8:15–23 ("First and foremost, the Government is going to object to the downward variance. It appears that the Defense is seeking what seems to be . . . approximately [a] 45 percent variance for Spivey. I agree with Probation [that the] guidelines range, because she is a career offender, is 151 to 188. The Government is seeking a guideline sentence between that. We are asking for 14 years, because we believe it is sufficient and not greater than necessary to comply with the 3553(a) factors."). And we can't say that a downward variance to 133 months—for a career offender who had just violated the terms of her federal supervised release by picking up yet another drug-distribution conviction—is either unfair or unreasonable. So, Spivey's simply mistaken when she claims that she received a sentence "that was harsh for the crime." *Two*,

9

even if she were right, Spivey doesn't get to choose whether she receives consecutive or concurrent sentences; that decision is left, by design, to the discretion of federal judges. *See* 18 U.S.C. § 3584(b) ("*The court*, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." (emphasis added)); *see also United States v. Montanez-Rincon*, 445 F. App'x 150, 152 (11th Cir. 2011) ("Further, the weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors." (quoting *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.2007))). As we've seen, the sentencing judges properly computed Spivey's guidelines range and then reasonably applied the § 3553(a) factors. *See* Supervised Release Violation Sentencing Transcript at 5:17–18; 9:9–17; *see also* Second Case Sentencing Transcript at 8:15–23, 56:17–57:17. The law required nothing more.

One final point on Spivey's consecutive sentences. In imposing the Second Sentence, Judge Altonaga "also considered that both parties here expressed that the sentence I imposed run concurrently with the sentence you received on your violation of supervised release." Second Case Sentencing Transcript at 58:6–9. And it's clear from the sentence Judge Altonaga ultimately imposed that, consistent with the parties' agreement, Judge Altonaga varied down from the advisory guidelines range by 18 months—to give Spivey credit, in a way, for the 18-month sentence Judge Moreno had already imposed for the supervised release violation. But nothing in the Second Case Sentencing Transcript (or in the Second Sentence itself) suggests that Judge Altonaga intended to doubly reward Spivey's bad behavior by *both* varying down by 18 months *and then* having the sentences run concurrently. If she intended this bizarre result, she certainly never said so. *See generally id.*; *see also* Second Sentence. And, since it was indisputably Spivey's burden to rebut the presumption that the two sentences should run consecutively, *see United States v. Walker*, 2022 WL 1184496, at *2 (E.D. La. Apr. 21, 2022) (denying a defendant's request to have his two sentences run concurrently where "the

10

default presumption of consecutive sentences [under § 3584(a)] applies"), this absence of evidence redounds decisively to her detriment. Spivey's Motion to have her sentences run concurrently is therefore **DENIED**.

## II. Spivey's Motion to reduce her term of supervised release

We also deny Spivey's request for early termination. "In situations where consideration of the § 3553(a) factors is mandatory, district courts needn't address 'each of the § 3553(a) factors or all of the mitigating evidence.'" *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (quoting *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021)). "A sentence may be affirmed so long as the record indicates that the district court considered 'a number of' the factors such as the 'nature and circumstances of the offense,' the defendant's history of recidivism, and the types of sentences available." *Id.* (quoting *United States v. Dorman*, 488 F.3d 936, 944–45 (11th Cir. 2007)).

The first factor—the nature and circumstances of the offense—weighs strongly against Spivey. Drug dealing "ruins lives, destroys communities, and warrants stiff penalties." *United States v. Matheney*, 2021 WL 3403530, at *2 (S.D. Fla. Aug. 4, 2021) (Altman, J.). And (notably) our view on this issue is in line with the approach other courts in our Circuit have taken. *See, e.g.*, *United States v. Smith*, 823 F. App'x 735, 737 (11th Cir. 2020) (affirming the district court's denial of a defendant's motion to reduce his sentence where the defendant had been convicted of distributing cocaine and agreeing with the district court's determination "that a sentence at the high end of the guideline range was appropriate given the nature and circumstances of the offense, [the defendant's] history and characteristics, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, and protect the public"). In short, the serious nature of Spivey's crimes weighs heavily against any reduction to her supervised release.

Nor do Spivey's "history and characteristics," § 3553(a)(1), justify a reduction. Spivey has racked up an extensive criminal history; she's dealt drugs in several states and has been convicted

11

multiple times for doing so. *See* Response at 2–3 (explaining that Spivey was previously convicted of trafficking cocaine in both South Carolina and Georgia). This second factor thus militates against a reduction.

The next factor—the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A)—likewise cuts against Spivey. As we just explained, Spivey's criminal history is both lengthy and serious. Spivey now wants us to ignore her propensity for recidivism and to reduce her term of supervised release. This we will not do. To reduce Spivey's supervised release would be to send precisely the wrong message: that drug crimes aren't serious, that the dangers of selling drugs are overblown, and that the penalties set out in our drug laws needn't be strictly followed. Granting Spivey relief now, in other words, would *decrease*, rather than increase, the citizenry's respect for the law.

Finally, we've considered the need "to provide adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." § 3553(a)(2)(B), (C). Spivey's criminal history strongly suggests that she doesn't obey the law, that she doesn't respect the law, and that there's very little any judge—state or federal—can do to stop her from continuing to break the law. Put differently, keeping Spivey on supervised release is the only way to deter her (and others like her) from committing future crimes.

We note, too, that the Eleventh Circuit has refused to shorten terms of supervised release when (as here) the defendant has a history of violating the conditions of her release. *See United States v. Boyd*, 606 F. App'x 953, 961 (11th Cir. 2015) (refusing to reduce the defendant's supervised release, in part, because the "[d]efendant's criminal history shows that he had previously committed three offenses while on parole, and had his probation revoked on another occasion for a technical violation"). And Spivey has just such a record: She trafficked cocaine in South Carolina and, after she was convicted and released, violated her probation several times. *See* Response at 2–3. One of those

violations resulted in an arrest and sentence "for possession with intent to distribute cocaine in Albany, Georgia," for which she was sentenced to six more years in prison—to be followed by 14 years of probation. *Id.* at 3. Spivey then violated that probation several more times—including, of course, by committing the crimes that landed her in front of Judge Moreno the first time around (in 2013). *See id.* And, as we've discussed, when Judge Moreno released her, she turned around and violated the terms of her federal supervised release here in federal court.

Faced with all this, Spivey offers mostly irrelevancy. *See* Motion at 2 (noting that her mother has cancer). We, of course, sympathize with Spivey. But her mother's cancer diagnosis doesn't supply a basis for us to reduce her term of supervision.

*** 

For all these reasons, the Court hereby **ORDERS AND ADJUDGES** that the Motion [ECF No. 65] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record